Derrell NEVIL, Plaintiff—Appellant,

v.

James SPAULDING, Director; Dave Pasket, Warden; Joe Klauser, Warden; Pam Sonnen, Deputy Warden; Shannon Cluney, Captain, Defendants—Appellees.

Derrell Nevil, Plaintiff—Appellee,

v.

James Spaulding, Director; Dave Pasket, Warden; Joe Klauser, Warden; Pam Sonnen, Deputy Warden; Shannon Cluney, Captain, Defendants—Appellants.

Nos. 02–36124, 03–35011.

D.C. No. CV–99–00290–EJL.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2004.*

Decided Dec. 10, 2004.

Tyler D. Smith, Boise, ID, for Plaintiff–Appellant.

Stephanie A. Altig, Boise, ID, for Defendants–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HAWKINS, THOMAS, and MCKEOWN, Circuit Judges.

MEMORANDUM**

Even if the three occasions Appellant Derrell Nevil ("Nevil") spent in administrative segregation amounted to an atypical or significant hardship in relation to the ordinary incidents of prison life, *see Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), and Nevil had a liberty interest in remaining free from administrative segregation, thereby requiring the provision of due process, *see Toussaint v. McCarthy,* 801 F.2d 1080, 1089 (9th Cir.1986), the district court correctly found that the process Nevil received was adequate. The record shows that Nevil: (1) learned of the reasons administrative segregation was being considered; (2) attended informal, nonadversary hearings within a reasonable time after he was segregated; and (3) presented his views to the prison official charged with deciding whether to transfer him. The prison, thus, afforded him all that is procedurally required for administrative segregation placement under *Toussaint,* 801 F.2d at 1099–1100, and *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 874, 74 L.Ed.2d 675 (1983).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).